_____

LYNN MELCHER, individually and on
behalf of all others similarly situated,

      Plaintiff,                              Civ. Action No.

vs.

STARKEY HEARING TECHNOLOGIES
and STARKEY LABORATORIES, INC.,

      Defendants.
_____

# PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Lynn Melcher ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Starkey Hearing Technologies and Starkey Laboratories, Inc. ("Defendants"), and on behalf of the members of the proposed Minnesota Rule 23 Class, brings this action against Defendants for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, *et seq.* ("MFLSA"). Plaintiff states the following as her claims against Defendants:

## OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a putative collective action, individually, and on behalf of all current or former Territory Sales Representatives (also referred to as

inside sales representatives), and other similarly situated individuals employed by Defendants any time since three years prior to filing this Complaint.

2. Plaintiff also brings claims to recover unpaid wages under the MFLSA, Minn. Stat. § 177.25 (overtime wages for workweeks over 48 hours). Plaintiff brings these claims as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## THE PARTIES

**Plaintiff**

3. Plaintiff is a citizen of the United States domiciled in the City of Minnetonka, State of Minnesota. Defendants employed Plaintiff as a Territory Sales Representative from October 2008 to April 2016 out of their corporate office in Eden Prairie, Minnesota.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claim asserted. Her consent form is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Plaintiff, those similarly situated, and the proposed Minnesota Rule 23 Class are or were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

6. This action is brought as a putative collective action under the FLSA, 29 U.S.C. § 201 *et seq.*, for failure to pay overtime compensation. This action is also brought as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the

MFLSA, for failure to pay employees overtime wages for hours worked each week over forty eight (48).

7. Defendants have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff, those similarly situated, and members of the proposed Minnesota Rule 23 Class.

**Defendants**

8. Defendant Starkey Hearing Technologies is a Minnesota corporation with its principal place of business located in Eden Prairie, Minnesota. According to its website, Starkey Hearing Technologies is a "world leader in manufacturing and delivering advanced hearing solutions." Further, the website indicates that Defendant Starkey Hearing Technologies is the only privately held American-owned company in the hearing aid industry, and, with its family of brands, offers "the most-advanced and comprehensive hearing solutions available." Defendant Starkey Laboratories, Inc. is a subsidiary of Defendant Starkey Hearing Technologies.

9. Defendants are or have been enterprises engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

10. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

11. At all relevevant times, Defendants are, and have been, "employers" of Plaintiff, those similarly situated, and the proposed Minnesota Rule 23 Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

## JURISDICTION

12. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the District of Minnesota.

13. The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

## VENUE

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendants are domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## COLLECTIVE AND CLASS ACTION DEFINITIONS

15. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current and former Territory Sales Representatives, and other inside salespersons with similar job titles and/or duties, employed by Defendants at any time since three years prior to filing this Complaint (the "FLSA Collective").

16. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the MFLSA is defined as:

> All current and former Territory Sales Representatives, and other inside salespersons with similar job titles and/or duties, employed by Defendants in Minnesota at any time since three years prior to filing this Complaint (the "Minnesota Rule 23 Class").

## FACTUAL ALLEGATIONS

17. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

18. Plaintiff, those similarly situated, and the members of the proposed FLSA Collective and Minnesota Rule 23 Class are or were employed by Defendants as Territory Sales Representatives to sell hearing aids and related products to Defendants' business customers. Plaintiff called audiologists and other hearing aid professionals (also referred to as hearing aid dispensers) to sell Defendants' hearing aids. In addition to Territory Sales Representatives, Defendants employ numerous other similarly situated inside sales representatives in similar positions (collectively "inside salespersons"), who also sold Defendants' products to business customers within Defendants' family of brands. Defendants employed these individuals to sell their products from within Defendants' office(s).

19. Defendants compensated Plaintiff and other inside salespersons by paying them a salary and commissions/bonuses for their services.

20. Defendants have suffered and permitted Plaintiff to regularly work more than forty (40) and forty eight (48) hours in certain workweeks. Upon information and

5

belief, Defendants have also suffered and permitted the members of the FLSA Collective, and members of the Minnesota Rule 23 Class to work regularly work more than forty (40) and/or forty eight (48) hours in certain workweeks.

21. During these weeks, Defendants did not provide Plaintiff or other inside salespersons with overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked over 40.

22. Rather than pay Plaintiff and other inside salespersons one and one-half times regular hourly rate of pay for all hours worked over 40 in a given workweek (as required by the FLSA, 29 U.S.C. § 207), and/or over 48 hours per week (as required by the MFLSA, Minn. Stat. § 177.25), Defendants misclassified Plaintiff and other inside salespersons as exempt from overtime pay, and paid them nothing for their overtime hours worked.

23. During the last three years, Plaintiff generally worked a schedule of at least 50 hours per week on average.

24. Defendants are aware, or should have been aware, that Plaintiff, the FLSA Collective, and members of the Minnesota Rule 23 Class perform work that requires them to work overtime. Defendants required Plaintiff and the other similarly situated inside salespersons to work overtime hours in order to meet Defendants' call metrics and production quotas.

25. In addition, Defendants required Plaintiff, the FLSA Collective, and members of the Minnesota Rule 23 Class to attend training sessions, sales meetings, and other events after regular business hours and/or on weekends. Defendants did not

compensate Plaintiff, the FLSA Collective, or members of the Minnesota Rule 23 Class for these additional overtime hours worked.

26. Defendants failed to provide Plaintiff, the FLSA Collective and Members of the Minnesota Rule 23 Class with a method for tracking and reporting their time worked. As a result, Defendants have failed to maintain time keeping records for Plaintiff and other inside salespersons.

27. Defendants actions were knowing, willful, or in reckless disregard of the law.

28. Defendants are aware that they are and were not compensating Plaintiff and the FLSA Collective properly for overtime, because Plaintiff complained to Defendants about it. Specifically, in approximately February 2016, Plaintiff complained to Defendants' Human Resources Director about their failure to pay overtime compensation. Defendants ignored Plaintiff's complaint and did not change their compensation practices going forward.

29. Furthermore, had Defendants performed any investigation into their obligations under the FLSA and/or MFLSA, they would have known that they cannot legally deny Plaintiffs, the FLSA Collective and Minnesota Rule 23 Class, compensation for their overtime hours worked. Federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages. Defendants had a duty to investigate and research their obligations under the FLSA and MFLSA.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

31. Plaintiff brings Count I of this action individually and on behalf and all similarly situated individuals. As mentioned above, the proposed FLSA Collective is defined as follows:

> All current and former Territory Sales Representatives, and other inside salespersons with similar job titles and/or duties, employed by Defendants at any time since three years prior to filing this Complaint.

32. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

33. Defendants have violated, and are violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying inside salespersons like Plaintiff and the FLSA Collective, any overtime compensation as required by law.

34. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective overtime compensation for hours worked over forty (40) per week.

35. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join. Those similarly situated

employees are known to Defendants and are readily identifiable through Defendants' records.

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

36. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

37. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Count II of this action individually and on behalf of all similarly situated individuals. As mentioned above, the proposed Minnesota Rule 23 Class is defined as follows:

> All current and former Territory Sales Representatives, and other inside salespersons with similar titles and/or duties, employed by Defendants in Minnesota at any time since three years prior to filing this Complaint (the "Minnesota Rule 23 Class").

38. The persons in the proposed Minnesota Rule 23 Class are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, upon information and belief, Defendants have employed at least one hundred (100) individuals as inside salesperson during the applicable statute of limitations period. Plaintiff and the proposed Minnesota Rule 23 Class have been equally affected by Defendants' violations of law.

39. There are questions of law and fact common to the proposed Minnesota Rule 23 Class that predominate over and questions solely affecting individual members, including but not limited to the following:

      a. Whether Defendants violated Minnesota law for failure to pay overtime wages due and owing;
      b. The proper measure and calculation of damages; and
      c. Whether Defendants' actions were willful or in good faith.

40. Plaintiff's claims are typical of those members of the Minnesota Rule 23 Class. Plaintiff, like other members of the proposed Minnesota Rule 23 Class, was subject to Defendants' compensation practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the Minnesota Rule 23 Class, as all class members are or were inside salespersons.

41. Plaintiff will fairly and adequately protect the interest of the proposed Minnesota Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

42. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

43. Plaintiff intends to send notice to all members of the proposed Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

# CAUSES OF ACTION

## COUNT I – OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201 *et seq.*
*On Behalf of Plaintiff and the FLSA Collective*

44. Plaintiff individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

45. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) per workweek.

46. Defendants are "enterprises" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

47. Plaintiff and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

48. Defendants suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours in a workweek without overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

49. Defendants have not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

50. Defendants knew, or showed reckless disregard for the fact that they failed to pay these individuals overtime compensation in violation of the FLSA.

51. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages violates FLSA. 29 U.S.C. § 207.

52. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 255(a).

53. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

54. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

**COUNT II – OVERTIME WAGES**
**VIOLATION OF THE MINNESOTA**
**FAIR LABOR STANDARDS ACT – Minn. Stat. § 177.21** *et seq.*
*On Behalf of Plaintiff and the Proposed Minnesota Rule 23 Class*

55. Plaintiff, individually and on behalf of the proposed Minnesota Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

56. Plaintiff and the proposed Minnesota Rule 23 Class were or are employees of Defendants within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

57. Defendants were or are the employer of Plaintiff and the proposed Minnesota Rule 23 Class within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

58. The MFLSA requires employers to pay their employees for hours worked in excess of forty eight (48) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

59. When Defendants misclassified Plaintiff and the members of the proposed Minnesota Rule 23 Class as exempt and failed to pay them at one and one-half (1.5) times their regular hourly rate for hours worked over forty eight (48) in a workweek, it violated the MFLSA.

60. The foregoing conduct constitutes a willful violation of the MFLSA within the meaning of Minn. Stat. § 541.07.

61. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

## **RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendants for violation of the overtime provisions of the FLSA;

4. Judgment that Defendants' violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. Such further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff as a class representative, individually and on behalf of the proposed Minnesota Rule 23 Class, prays for relief as follows:

1. Certification as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Minnesota Rule 23 Class, and the appointment of Plaintiff as class representative and her counsel as class counsel;

2. Judgment against Defendants for an amount equal to Plaintiff's and the proposed Minnesota Rule 23 Class' unpaid overtime wages;

3. Judgment that Defendants' conduct as described herein be determined and adjudicated to be in violation of the MFLSA;

4. A finding that Defendants' violations are willful;

5. An amount equal to Plaintiff's and the proposed Minnesota Rule 23 Class' damages as liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs; and

8. Such further relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: February 8, 2017 | /s/ Michele R. Fisher<br>Michele R. Fisher<br>MN Bar No. 303069<br>fisher@nka.com<br>NICHOLS KASTER, PLLP<br>4600 IDS Center, 80 S. 8th Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 256-3200<br>Facsimile: (612) 215-6870<br><br>ATTORNEY FOR PLAINTIFF AND<br>THE PUTATIVE FLSA COLLECTIVE<br>AND MINNESOTA RULE 23 CLASS |