UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LYNN MELCHER, individually and on behalf of other similarly situated individuals,

    Plaintiff,

v.

STARKEY LABORATORIES, INC., d/b/a STARKEY HEARING TECHNOLOGIES,

    Defendant.

Civil No.: 17-420(DSD/ECW)

---

**ORDER GRANTING MOTION FOR FINAL SETTLEMENT APPROVAL AND FOR ATTORNEYS' FEES AND COSTS**

---

On November 29, 2018, the court heard plaintiffs' Consent Motion for Final Settlement Approval and for Attorney Fees' and Costs and held a Fairness Hearing to determine whether the Settlement Agreement and Release dated August 2, 2018, (Agreement) should be finally approved as fair, reasonable, and adequate. The court, having considered all of the submissions and arguments with respect thereto; pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 201 et. seq. (the FLSA), and in accordance with the terms of the Agreement, finds good cause to grant the motion and issue final judgment in this litigation.

**FINDINGS:**

1. **Jurisdiction.** The court has jurisdiction over this litigation and jurisdiction over the parties.

2. **Fair Settlement.** The settlement, as set forth in the Agreement, is fair, reasonable, and adequate in all respects, and complies with Fed. R. Civ. P. 23(e) and due process of law.

3 **Compliance with the Agreement.** The parties have adequately performed their obligations under the Agreement, including but not limited to providing notice of the settlement in accordance with the Agreement, which notice was the best notice practicable under the circumstances of these proceedings and fully satisfied the requirements and the procedures for a collective action under the FLSA, the requirements of due process, and Fed. R. Civ. P. 23.

4. **The Agreement Is a Good-Faith Settlement of a Bona Fide Dispute.** The settlement of this litigation was not the product of collusion between plaintiffs and defendant or their respective counsel, but rather constitutes the settlement of a bona fide dispute as a result of arms-length negotiations conducted in good faith between the parties and their counsel.

5. **No Objections to the Settlement.** No Settlement Class Members have filed objections to the settlement.

2

6. **Settling Plaintiffs.** All of the Collective Members have agreed to participate in the settlement by timely executing a Release of Claims.

Accordingly, **IT IS HEREBY ORDERED** that:

1. **Definitions.** This order and final judgment incorporates by reference the definitions in the Agreement.

2. **Settlement Class Members.** The individuals with unredacted settlement amounts identified in Exhibit 3 to the consent motion for final settlement approval shall make up the settlement class. In light of his timely request to opt out of the settlement, Scott Lyrek is hereby excluded from the settlement class, and shall not be eligible to receive any consideration under the settlement, and has not released any federal or state law wage claims he may have against defendant.

3. **Settling Plaintiffs.** The individuals with redacted settlement amounts identified in Exhibit 3 to the consent motion for final settlement approval, upon receipt of the settlement consideration due them as set forth in Exhibit 3, have waived and released the claims as set forth in Section 5.1 of the Agreement, and in the Release of Claims executed by each of them.

4. **Settlement Approval.** Pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 201 et. seq., the court hereby approves the Agreement in all respects, including but not limited to (1) the Notice of Settlement and Release and the Class Notice, (2) the

3

release of federal and state wage law claims of the Settling Plaintiffs and Settlement Class Members as set forth in the Agreement, and (3) the amount of the Maximum Settlement Amount. The parties are hereby directed to perform pursuant to the terms of the Agreement.

    5.    **Approval of the Allocation Plan and Distribution of the Maximum Settlement Amount.** The court approves the Post Final Approval Allocation of the settlement proceeds as set forth in the Agreement and in Exhibit 3 to the consent motion for final approval, and the parties are directed to distribute the settlement proceeds accordingly. In distributing the Initial Settlement Checks, counsel for the settlement class shall inform both the Settlement Class Members and the Settling Plaintiffs that they have ninety (90) days to cash the settlement checks from the date when defendant delivers the Initial Settlement Checks to plaintiffs' counsel.

    6.    **Distribution of the Settlement Payments to the Settlement Class Members and Settlement Class Member Releases.** In accordance with Sections 5.2 and 5.3 of the Agreement, all Settlement Class Members who cash their Initial Settlement Checks shall be deemed to have joined the existing lawsuit, to have asserted a claim under the FLSA, and to have released and discharged defendant of all of their claims under the FLSA and MFLSA as referenced in the Agreement. Defendant shall place the

following language on the back of the Initial Settlement Checks payable to the Settlement Class Members:

> I agree to 1) the terms of the settlement; 2) join the existing case, Court File No. 0:17-cv-00420; 3) assert a claim under the FLSA for overtime pay; and 4) release Starkey and its officers, directors, shareholders, employees, agents, and affiliates from all claims under federal and state wage laws, including but not limited to overtime, travel time, minimum wage, recordkeeping, and hours of work, from 2/8/2014 through 11/30/2016.

Settlement Class Members have been fully and fairly apprised in the court notice previously delivered to them and by the language on the Initial Settlement Checks of the nature of the claims and the rights they are waiving and releasing by cashing the Initial Settlement Checks and accepting the settlement consideration, and by doing so, such Settlement Class Member(s) shall be deemed to have agreed to the terms of the Agreement, including the release of all the claims referenced in Section 5.2 of the Agreement.  If a Settlement Class Member does not cash his or her Initial Settlement Checks, such Settlement Class Member will not have released their claims under federal or state wage laws against defendant.

    7. **Approval of Attorneys' Fees and Cost Award.** Plaintiffs' Counsel has moved for an award of attorneys' fees and reimbursement of expenses consistent with the Attorneys' Fees and Costs Award set forth in the Agreement.  The court awards plaintiffs' counsel's requested attorneys' fees ($250,000.00) and

5

costs and expenses ($15,405.62). The court finds this award to be fair and reasonable. The awarded fees, costs, and expenses shall be paid from the Maximum Settlement Amount in accordance with the terms of the Agreement. This award fully satisfies all claims for attorneys' fees and/or costs by any legal counsel retained by or serving any plaintiffs in the litigation. Except for the attorneys' fees and costs award, the parties are to bear their own costs and fees.

8.   **Approval of Service Payments.** Plaintiffs have moved for an award of a service payments to the Named Plaintiff ($5,000.00) and the eight deposed plaintiffs ($1,000.00 each), for a total of $13,000.00, for each plaintiff's respective contributions to the case. The court awards the service payments as requested. The service payments are included in the redacted dollar amounts listed in Exhibit 3 and shall be paid from the Maximum Settlement Amount in accordance with the terms of the Agreement, ¶ 3.2.a.

9.   **Approval of the Cy Pres Recipient.** The court approves of the reallocation of unclaimed funds from uncashed checks in excess of $7,500 and the donation of funds of a lesser amount to cy pres, pursuant to section 3.5 of the Agreement. The court approves the National Employment Law Center as the cy pres recipient to receive these Unclaimed Funds.

10. **Dismissal with Prejudice.**  In accordance with the Agreement, the court dismisses the litigation with prejudice and without further costs.

11. **Continuing Jurisdiction.**  Without affecting the finality of this judgment, the court reserves continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and any orders related thereto, and over the administration and distribution of the Maximum Settlement Amount.

12. **No Admission.**  Neither the Agreement nor any document referred to therein, any action taken to implement the Agreement, nor anything in this order or any prior order of this court may be construed as, or used as, an admission or concession by or against any party on any point of fact or law, or of any alleged fault, wrongdoing, or liability whatsoever, and may not be used in any civil, criminal or administrative proceeding as an admission or evidence of any fault or omission against any Party, such wrongdoing and liability being expressly denied, and no final adjudication thereof having been made in the litigation.

Dated: November 29, 2018    /s David S. Doty
                            David S. Doty, Judge
                            United States District Court